UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICKIE GILMORE AND LA 'VONTE FLOWERS,
INDIVIDUALLY AND AS CO-PERSONAL
REPRESENTATIVES OF THE WRONGFUL
DEATH ESTATE OF NAHJE FLOWERS,
DECEASED,

          PLAINTIFFS,              Cause No. 1:20-CV-00853 JB/LF

v.

BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO, A BODY CORPORATE OF
THE STATE OF NEW MEXICO, FOR ITSELF
AND ITS PUBLIC OPERATIONS, ROBERT
DAVIE, IN HIS INDIVIDUAL CAPACITY,
AND NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION,

          DEFENDANTS.

## DEFENDANT ROBERT DAVIE'S MOTION TO DISMISS
## COUNTS I, II, III, V-VIII

    COMES NOW Defendant Robert Davie ("Defendant Davie"), by and through his counsel

of record, KEMP SMITH LLP (CaraLyn Banks, Esq.) and pursuant to Fed. R. Civ. P 12 (b)(6),

respectfully moves the Court to Dismiss Counts I-III, V-VIII against Defendant Davie as Plaintiffs

have failed to state a claim against Defendant Davie upon which relief can be granted.[1]

## I.    CONCISE STATEMENT OF THE ISSUES

    Plaintiffs' claims arise from the untimely and tragic suicide of Nahje Flowers, a former

football player for the University of New Mexico. [Doc 29, ¶ 126]. Plaintiffs allege that Defendant

Davie discriminated against Mr. Nahje Flowers and violated his right to substantive due process

---

[1] Defendant Davie has combined this Motion with the memorandum in support thereof. D.N.M. LR-CV 7.3. As required by D.N.M. LR-CV 7.1 (a), counsel for Defendant Davie spoke with Plaintiffs counsel and this motion is opposed.

protected by the Fourteenth Amendment by allegedly forcing Mr. Flower to continue to play football while allowing similarly situated white football players time off to get healthy. [Doc. 29, ¶ 125] Plaintiffs also use this conduct as the basis for their state law claims. Plaintiffs' claims fail as a matter of law. Defendant Davie is entitled to qualified immunity from the federal constitutional and statutory claims against him for damages and immunity under the New Mexico Tort Claims Act. All of the claims against Defendant Davie should be dismissed as a matter of law.

## II.   ARGUMENTS AND LEGAL AUTHORITIES

### A.   LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS.

Motions to dismiss under Rule 12 (B)(6) of the Federal Rules of Civil Procedure test the "legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v, Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). A court may dismiss a cause of action under Rule 12 (b)(6) for failure to state a claim if a complaint does not "contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addressing pleading requirements, the Supreme Court has held that "[w]hile a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitled to relief requires more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do." *Twombl*y, 550 U.S. at 555 (internal citations and quotations). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Id.*

If the well-pleaded facts do not permit the court to infer more than a 'mere possibility of misconduct', dismissal is warranted. *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) quoting Fed. R. Civ. P. 8 (a)(2). In spite its length, the well-pleaded and relevant

facts found in Plaintiff's Second Amended Complaint that apply to Defendant Davie do not permit this Court to infer more than a mere possibility of misconduct. Moreover, their labels and factual conclusions are not sufficient to raise a right to relief above the speculative level.

**B.    QUALIFIED IMMUNITY PROTECTS DEFENDANT DAVIE FROM LIABILITY FOR ALLEGED CONSTITUTIONAL VIOLATIONS BROUGHT PURSUANT TO 42 U.S.C § 1983.**

In their Second Amended Complaint, Plaintiffs seek redress against Defendant Davie for his alleged violation of Mr. Flowers' constitutional right to equal protection and substantive due process protection. As Defendant Davie's conduct did not violate clearly established constitutional rights of which a reasonable person would have known, he is entitled to qualified immunity and resultant dismissal of these claims. *See Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). The qualified immunity defense may be raised by a Rule 12 (b)(6) motion to dismiss, and "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a public official is entitled to dismissal before the commencement of discovery." *Behrens v. Pelletier*, 516 U. S. 299, 306, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) (internal citations of patient omitted). In other words, the doctrine of qualified immunity provides "immunity from suit rather than defense to liability." *Saucier v. Katz*, 533 U.S. 194, 205, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (quotations omitted.)

Qualified immunity only shields an official in the exercise of his or her discretion. *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "Under the qualified immunity doctrine, 'government officials performing *discretionary functions* generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have

known.'" *Id.* (emphasis added). When a plaintiff asserts qualified immunity, he or she must then satisfy a "heavy burden." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) <u>quoting</u> *Albright v. Rodriguez*, 51 F. 3d 1531, 1534 (10th Cir. 1995). A plaintiff must satisfy a "strict two-part test" by establishing (1) "that the defendant's actions violated a constitutional or statutory right;" and (2) "this right was clearly established at the time of the conduct at issue." *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008). The courts need not address the steps sequentially; but rather the courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in a particular case at hand." *Pearson,* 555 U.S. at 236.

Moreover, if "it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right" the doctrine of 'constitutional avoidance' suggests the wisdom of passing on the first prong relating to whether a violation occurred. *Kerns v. Bader*, 663 P.3d 1173, 1181 (10th Cir. 2011) (internal citations and quotations omitted). The Supreme Court and the Tenth Circuit concluded that "as a general matter, constitutional avoidance considerations trump and 'courts should think hard, and then think hard again, before turning small cases into large ones.'" *Kerns,* 663 F.3d at 1180-81, <u>quoting</u> *Pearson*, 555 U.S. at 236-42.

To determine whether the constitutional right was clearly established, the court must consider whether the right was sufficiently clear that a reasonable government official in the defendant's shoes would understand that what he or she violated that right. *See Casey v. W. Las Vegas Indep. Pub. Sch. Dis.*, 473 F. 3d 1323, 1327 (10th Cir. 2007). Ordinarily this requires a Supreme Court or a Tenth Circuit opinion on point or "the clearly established weight of authority from other circuits must point in one direction." *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 P.3d 973, 981 (10th Cir. 2017). The United States Supreme Court cautioned against

defining clearly established "at a high level of generality" and held that "clearly established law must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017).

Moreover, the Court found that it is not enough that the rule is suggested by then-existing precedence, rather, the "contours of her right [must be] sufficiently clear that every reasonable official would've understand that what he is doing violates that right." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) (internal quotations and citations omitted). "[E]xisting precedence must place the statutory or constitutional question beyond debate." *Id.* "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

**1.      *Plaintiffs' Substantive Due Process Claims (Counts I, III) Fail Because Defendant Davie's Conduct Did Not Violate a Clearly Established Right.***

Substantive due process arises from the Fourteenth Amendment's protections against governmental deprivations "without due process of law." U.S. Const. amend. XIV, § 1. However, as identified by the Supreme Court "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis,* 523 U.S. 833, 840, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)(quotations omitted). Rather, "the constitutional protections of substantive due process ***only*** apply to transgressions above and beyond those covered by the ordinary civil tort system; the two are not coterminous." *Williams v. Berney,* 519 F.3d 1216, 1220 (10th Cir. 2008)(emphasis added). The "ultimate standard" for assessing an alleged violation of substantive due process is "whether the challenged government action shocks the conscience of federal judges." *Moore v. Guthrie,* 438 F.3d 1036, 1040 (10th Cir. 2006) (quotation omitted); *see also Camuglia v. City of Albuquerque,* 448 F.3d 1214, 1222 (10th Cir. 2006); *Clark v. City of*

*Draper,* 168 F.3d 1185, 1190 (10th Cir. 1999); *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir. 1995).

> This standard is not an easy one for a plaintiff to satisfy. To meet this standard,
>
> a plaintiff must do more than show that the government acted intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. The plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking. This is a high level of outrageousness.

*Camuglia,* 448 F.3d at 1222–23 (internal quotations, citations, alterations omitted). Substantive due process protections extend only to "deliberately wrongful government decisions rather than merely negligent government conduct." *Uhlrig,* 64 F.3d at 573; *see Moore v. Guthrie,* 438 F.3d 1036, 1040 (10th Cir. 2006) ("[N]egligence is not sufficient to shock the conscience.").

Plaintiffs use labels and factual conclusions to assert that Defendant Davie must have violated Mr. Flowers' substantive due process rights. However, the only factual allegation relative to Defendant Davie that could form a basis for such a claim is that Defendant Davie allegedly forced Mr. Flowers to continue to play football even though he knew that he was not healthy.[2] [Doc. 28, ¶ 151]. This conduct does not demonstrate the degree of outrageousness and the magnitude of potential harm that is necessary to meet the 'shock the conscience' standard. Under the circumstances present in this case, Defendant Davie's actions do not violate Mr. Flower's substantive due process rights.

Moreover, this right was not clearly established such that Defendant Davie would understand that his allegedly forcing Mr. Flowers to continue to play football when he was unhealthy constitutes a violation of his substantive due process rights. While it is generally known that individuals have substantive due process rights, as particularized to this case, a reasonable

---

[2] Defendant Davie explicitly denies these allegations.

6

person like Defendant Davie, would not know that his discretionary decision as to which football players should play constitutes a violation of a player's substantive due process rights. Certainly, the contours of the right as applied to the conduct in question is debatable and therefore constitutional avoidance principals come into play. There is no precedent to suggest that this type of discretionary action raises to the level of a constitutional rights violation and therefore, Plaintiffs cannot meet their burden to establish that the right was clearly established at the time of the conduct at issue.

        2.      ***Plaintiffs' Equal Protection Claims (Counts II-III) Fail Because Defendant Davie's Conduct Does Not Constitute a Clearly Established Violation of the Equal Protection Clause of the Fourteenth Amendment.***

The Equal Protection Clause of the Fourteenth Amendment guarantees that "no states shall . . . deny to any person within the jurisdiction to the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause 'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Soskin v. Reinertson,* 353 F.3d 1242, 1247 (10th Cir. 2004), quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992). *See also Corder v. Lewis Palmer School Dist. No. 38,* 566 F.3d 1219, 1233 (10th Cir. 2009) ("Equal protection is essentially a direction that all persons similarly situated should be treated alike.") (citations and quotations omitted). There is no question that the equal protection clause protects against discrimination based on race. However, this is only the first part of the analysis used to assess whether Defendant Davie is entitled to raise the qualified immunity defense. In the context of the qualified immunity analysis, Plaintiffs are also required to show that the right in question is established at the time of the conduct at issue. *See Clark,* 513 F. 2d 1219, 1222 (10th Cir. 2008).

Courts consider a right to be clearly established only if it has been acknowledged in decisions by the Supreme Court, the Tenth Circuit, or the weight of authority elsewhere. *See Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 516 (10th Cir. 1998). While the facts in these decisions need not be identical, the cases must provide adequate notice to alert reasonable government official that their action might result in a violation of that constitutional right. *See Green v. Post,* 574 F.3d 1294, 1299–1300 (10th Cir. 2009). As applied to this case, Plaintiffs "must do more than simply allege the violation of a general legal precept" for such discrimination to be in considered in violation of the equal protection clause. *Ragsdell v. Regional Housing Alliance of La Plata County,* 603 Fed. Appx. 653 (10th Cir. 2015) <u>citing</u> *Jantz v. Muci,* 976 F.2d 623, 627 (10th Cir. 1992). They must also show that established law would have alerted Defendant Davie to the alleged unlawfulness of his actions. *See Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that duty."). The result of the analysis depends very much on the facts of each case. *See Brosseau v. Haugen*, 543 US 194, 201, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (per curium).

In this case, Plaintiffs allege that Defendant Davie violated Mr. Flowers' constitutional right to equal protection by allegedly giving time off to various white players on the football team so they could get healthy during the 2019 football season while not permitting Mr. Flowers to take time off to get his "mental state healthy." [Doc 29, ¶ 125]. The general legal precept related to a claim for discrimination would not have alerted a reasonable government official, like Defendant Davie, that his discretionary decision regarding which football players would play in a game constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment.

Under the circumstances present in this case, Defendant Davie is entitled to qualified immunity and dismissal of the substantive due process and the equal protection claims filed against him by Plaintiffs.

**C.**  **PLAINTIFFS' STATE LAW CLAIMS AGAINST DEFENDANT DAVIE (COUNTS V-IX) FAIL AS HE IS ENTITLED TO IMMUNITY UNDER THE NEW MEXICO TORT CLAIMS ACT.**

The New Mexico Tort Claims Act ("Act") was enacted because the New Mexico Legislature recognized the "inherent unfairness and inequitable results which occur in the strict application of the doctrine of sovereign immunity." NMSA 1978, § 41-4-2(A) (1976). However, the Legislature also acknowledged that the "the area within which the government has the power to act for the public good is almost without limit, and therefore government should not have the duty to do everything that might be done." *Id.* In striking a balance between these two competing issues, the New Mexico Legislature concluded that governmental entities and public employees could only be held liable within the limitations identified in the Act and in accordance with the principles established in the Act. *See N*MSA 1978, § 41-4-2(A) (1976).

Specifically, under the Act, "a governmental entity and any public employee while acting within the scope of their duty are granted immunity from liability for any tort" except as explicitly identified in one of the waivers provided in the Act. NMSA 1978, § 41-4-4(A) (2001). *See also, Begay v. State,* 1985-NMCA-117, ¶ 9, 104 N.M. 483, 487, 723 P.2d 252, 256, rev'd  on other grounds, *Smialek v. Begay,* 1986-NMSC-048, 104 N.M. 375, 721 P.2d 1306 ("[c]onsent to be sued may not be implied, but must come within one of the exceptions to immunity" under the Act.).

In this case, Plaintiffs allege that Defendant Davie's immunity was waived under NMSA 1978 §41-4-6 (2018). [Doc 29, ¶ 187]. Pursuant to §41-4-6, the immunity granted under the Act

> does not apply to liability for damages resulting from bodily injury, wrongful death
> or property damage caused by the negligence of public employees while acting

9

within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

NMSA 1978, §41-4-6 (emphasis added). The Supreme Court of New Mexico has interpreted § 41-4-6's phrase "operation and maintenance" somewhat broadly in that "it is not 'limited [in] its applicability strictly to defects in the physical building." *Johnson ex rel. Estate of Cano v. Holmes*, 455 F.3d 1133, 1139 (10th Cir. 2006) (internal citations and quotations omitted). However, as noted in *Green v. Padilla*, __ F. Supp. 3d.__, 2020 WL 5350175 * 30 (D.N.M. 2020), New Mexico's courts have found that § 41-4-6's waiver of immunity does not extend to negligent supervision, *see Pemberton v. Cordova*, 1987-NMCA-020 ¶ 5, 105 N.M. 476, 734 P.2d 254; negligent design, *see Rivera v. King*, 1988-NMCA-093 ¶¶ 29-34, 108 N.M. 5, 765 P.2d 1187, 1194, *cert. denied*, 107 N.M. 785, 765 P.2d 758 (1988) (unpublished table opinion); negligent inspection, *see Martinez v. Kaune*, 1987-NMCA-131 ¶¶ 5-10, 106 N.M. 489, 745 P.2d 714, 716-17, *cert. denied*, 106 N.M. 439, 744 P.2d 912 (1987) (unpublished table opinion); negligent regulation and investigation of violations, *see Caillouette v. Hercules, Inc.*, 1992-NMCA-008 ¶ 31, 113 N.M. 492, 827 P.2d 1306, 1312; or negligent classification of a prison inmate. *see Archibeque v. Moya*, 1993-NMSC-079 ¶¶ 9-12, 866 P.2d at 348 ("§41–4–6 does not waive immunity when public employees negligently perform such administrative functions.").

In the context of a waiver of immunity under § 41-4-8, the "critical question is whether the condition creates a potential risk to the general public." *Espinoza v. Town of Taos,* 1995-NMSC-070 ¶ 9, 120 N.M. 680, 905 P.2d 718. The question is not whether the alleged negligence created an actual risk of harm for only a single individual, but rather whether the alleged negligence created a condition that poses a potential risk to the general public or to a class of people using the premises in question. *See Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040 ¶ 8, 140 N.M. 205, 141 P.3d

1259. In this case, the only individual Plaintiffs' claim is allegedly at risk due to Defendant Davie's negligence is Mr. Flowers.

Moreover, as noted by the Court in *Green*, "New Mexico's courts also have required that, for § 41-4-6's waiver to apply, the public employees knew or should have known of the danger posed by the condition." *Green*, 2020 WL 5350175, * 31. *See Callaway* v. *New Mexico Dep't of Corrections*, 1994-NMCA-049 ¶ 19, 117 N.M. 637, 875 P.2d 393 (New Mexico Department of Corrections "knew or should have known that roaming gang members with a known propensity for violence had access to potential weapons in the recreation area" which created a foreseeable danger to other inmates). Defendant Davie could not have reasonably foreseen that his unidentified conduct would have created a foreseeable danger to Mr. Flowers.

In their Second Amended Complaint, Plaintiffs allege that Defendant Davie allegedly failed to properly screen, hire, train, monitor, supervise and/or discipline subordinate employees, including himself, harassed student athletes, and otherwise committed some identified misconduct that created a condition which posed a danger to student athletes. [Doc. 29 ¶¶ 182-187]. Plaintiffs' state law claims against Defendant Davie are even more attenuated than the claims against his employer, Defendant University of New Mexico. The waiver of immunity under § 41-4-6 does not extend to any of the negligence claims asserted against Defendant Davie. In this case, Plaintiffs have failed to plead factual allegations to support a waiver of immunity under NMSA 1978 § 41-4-6 (1976).

Additionally, since the Act governs the manner in which tort actions can be brought against governmental entities and public employees, including wrongful death actions, the wrongful death claims (Count VI) against Defendant Davie should also be dismissed. *See Estate of Lajeuenesse ex rel. Boswell v. Board of Regents of University of New Mexico*, 2013-NMCA-004, ¶ 9, 292 P.3d

485 (court "must look to the [Tort Claims Act] to determine the availability and extent of a wrongful death action"). First, the Act is "the *exclusive* remedy against a governmental entity or public employee for any tort for which immunity has been waived" under the Act. NMSA 1978, §41-4-17 (1982) (emphasis added). "In other words, New Mexico's Wrongful Death Act does not provide an independent basis for suit because the Tort Claims Act provides the appropriate vehicle for wrongful death claims against governmental entities and employees." *Roybal-Mack v. NM Dep't. of Public Safety*, No-17-CV-552-WJ-KK, 2017 WL 3025921 at *7 (D.N.M. July 17, 2017). Second, the scope of a potential waiver under NMSA 1978, §41-4-6 includes "liability for personal injury, bodily injury, *wrongful death* or property damage . . .".

As the Act is the exclusive remedy available against public employees for any tort for which immunity has been waived, including wrongful death, the New Mexico Wrongful Death Act does not provide an independent basis for a suit against Defendant Davie. *See Roybal-Mack*, 2017 WL 3025921 at * 7. Since Plaintiffs have failed to plead factual allegations to support a waiver of immunity under NMSA 1978, § 41-4-6 (1976), the Wrongful Death claim (Count VI) should also be dismissed. Additionally, Plaintiffs' claims for loss of Consortium (Count VIII) also fail as Plaintiffs have failed to make the required showing that immunity was waived. *See Williams v. Bd. of Regents of the Univ. of N.M.*, No. CIV 13-0479 JB/WPL, 2014 WL 4351533, at *11 n.8 (D.N.M. Aug. 18, 2014) (loss of consortium damages derives from a tort enumerated under the Act, however they are not available unless the direct claim triggers an immunity waiver.)

### III.    CONCLUSION

Plaintiffs' claims fail as a matter of law. Defendant Davie is entitled to qualified immunity from the federal constitutional and statutory claims against him for damages and immunity under the New Mexico Tort Claims Act.

WHEREFORE Defendant Davie respectfully requests that this Court grant his Motion to Dismiss all the remaining Counts in Plaintiffs' Second Amended Complaint with prejudice.

Respectfully submitted,

KEMP SMITH LLP

By _____
CaraLyn Banks, Esq.
3800 E. Lohman, Suite C
Las Cruces, NM  88011
575-527-0023
caralyn.banks@kempsmith.com
*Attorneys for Defendant Robert Davie*

## CERTIFICATE OF SERVICE

I, CaraLyn Banks, Esq., hereby certify that on the 18th day of December 2020, I caused the foregoing Motion to Dismiss Counts I-III, V-IX to be served and filed electronically through the CM/ECF, the United States District Court's File and Serve system, which causes all parties and/or counsel of record to be served by electronic means.

_____
CaraLyn Banks, Esq.